UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO EASTERN
DISTRICT

**FILED**

**DEC 20 2019**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

CATHY SZCZEPINSKI,
    Plaintiff

v.                         Case No. 19-      -CD
                            HON.

**1:19 CV 2955**

INFOSYS LTD, SUDHIR JHA, MADHU
JANARDAN, NAKUL ANORA, Jointly and severally,
      Defendants.

                                               /

**SCOTT E. COMBS P 37554**
**Attorney for Plaintiff**
**45600 Mast Street**
**Plymouth, Michigan 48170**
**248-380-5050**
**F: 734-404-0364**
**scottecombs@aol.com**

                                               /

## PLAINTIFF'S COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS FEDERAL AND STATE OF OHIO

Plaintiff, CATHY SZCZEPINSKI, by and through her attorney, Scott E.

Combs, submit her Complaint as follows:

1

# I. PARTIES TO THIS COMPLAINT

1. Plaintiff, a resident of Mentor, Ohio, was at all times a secretary, administrator support employee of defendants', 2006-2019.

2. The amount in controversy exceeds $75,000.00, exclusive of double, treble, damages, and costs, interest, attorney fees and other damages.

3. All defendants work and conduct business in Mentor, Ohio; Northern District of Ohio, at all times relevant hereto for Plaintiff's employ. Defendant, Infosys is a California company doing business in Ohio. Throughout Defendant, Infosys Ltd., and Madhu Janardan, Sudhir Jhd, Nakyl Anora, were Plaintiff's employers from 2006 to May 2019; the Defendants' acts were illegal, willful, wanton, intentional, statutory violations. Defendants' employed Plaintiff, at all times, in Mentor, Ohio.

4. Defendants' are jointly and severally liable for all and each of their concerted conspirator actions.

5. The individual Defendants, and each of them, were high level supervisors and decision makers over Plaintiff during her employ at Infosys, and delegated all daily duties and controlled her terms and conditions of employ throughout.

2

6. Plaintiff was to be paid hourly, at an hourly rate, and work 40 hours per week a $38.10/hour. Plaintiff worked extensive overtime throughout employ, and was intentionally, illegally, willfully, denied overtime pay, violating 29 USC Section 207 (FLSA) and the Ohio minimum Fair Wage Standards Act, and 29 USC Section 213, and R.C. 2305.11 (A), and R.C. 4111.03.

7. Plaintiff is entitled to double, treble, liquidated, actual damages, and costs, attorney fees, and statutory sanctions.

8. Denial of overtime earned money is a pattern and practice of Defendants', intentionally and willfully.

## II. BASIS FOR JURISDICTION

9. Plaintiff worked at a location for Defendants' in Mentor, Ohio, Northern District of Ohio from September 1, 2006 to April, 2019. After complaints to Defendants', her employ was terminated and her contract not renewed due to retaliation, also violating 29 USC Section 201-209. Ohio law also forbids such retaliation.

## III. STATEMENT OF CLAIM

10. Jurisdiction is proper per 29 USC Section 201-209 (FLSA).

11. Hundreds of worked and claimed overtime hours were denied Plaintiff by Defendants, illegally and willfully, throughout her employ, and when complained of, her employ relationship was terminated in retaliation; likewise, earned due raises and promotions and benefits were wrongly denied, illegally and willfully and in retaliation.

## IV. RELIEF

12. Plaintiff seeks all damages set forth above, and allowed per the FLSA and OMFWSA, as well as liquidated, double, treble damages and costs, interest and attorney fees.

## V. CERTIFICATION AND CLOSING

13. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

4

Dated: December 18, 2019

SCOTT E. COMBS P37554
Attorney for Plaintiff

## JURY DEMAND

Plaintiff, CATHY SZCZEPINSKI, by and through her attorney, Scott E.

Combs, here by demands a trial by jury.

Respectfully submitted,

Scott E. Combs P 37554
Law Office of Scott E. Combs P.C.
45600 Mast Street
Plymouth, Michigan 48170
248-380-5050
scottecombs@aol.com

Dated: December 18, 2019

5